## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIE BOYCE,<br><br>Defendant. | CASE NO. 1:23CR-010<br><br>JUDGE J. DLOTT<br><br>**INDICTMENT**<br>18 U.S.C. § 1343 |

**THE GRAND JURY CHARGES:**

### COUNTS 1-4
### (Wire Fraud)

#### Background

1. The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the Small Business Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

2. To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and either had employees for whom it paid

1

salaries and payroll taxes or paid independent contractors. A business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

3. PPP loan applications were electronically submitted or caused to be submitted by the borrower and received through SBA servers located in Virginia or Oregon. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

4. The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

5. On March 26, 2018, WILLIE BOYCE was sentenced to four years in prison in Hamilton County case B 1704840. He remained incarcerated until September 9, 2020, when he was furloughed to Talbert House. He was released from Talbert House on March 6, 2021.

6. The Ohio Secretary of State has no record of a business with the name "Willie Boyce." WILLIE BOYCE is listed as the incorporator of Pro Dreams LLC and Ruglife Clothing LLC. These businesses were created in 2021.

7. The Social Security Administration has no record of any annual wages or self-employment earnings exceeding $1,000 for WILLIE BOYCE from 2015 to 2021.

## The Scheme

8. From in or about April 2021 to in or about May 2021, the defendant, Willie Boyce, devised and intended to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

## Manner and Means

9. It was part of the scheme that on or about April 4, 2021, WILLIE BOYCE applied electronically for a PPP loan from the SBA through Harvest Small Business Finance, LLC. On the application, WILLIE BOYCE listed himself as the sole owner of a business named "Willie Boyce," which he claimed was established on January 1, 2015. On the application, BOYCE claimed a gross income of $98,500 for the year 2019. BOYCE claimed that the purpose of the loan was payroll costs. He listed the industry code for the business as 485310, which refers to taxi and ridesharing services. He listed the address for his business as 3129 Spring Grove Ave., Cincinnati, OH 45225. This is the address for the Talbert halfway house. In support of the loan application, BOYCE submitted a forged bank statement. As a result of this loan application, the loan proceeds of $20,520 were deposited into BOYCE's personal bank account on or about April 20, 2021.

10. It was part of the scheme that on or about April 9, 2021, WILLIE BOYCE applied electronically for another PPP loan from the SBA through Harvest Small Business Finance, LLC. On the application, WILLIE BOYCE listed himself as the sole owner of a business named "Willie Boyce," which he claimed was established on January 1, 2015. On the application, BOYCE claimed a gross income of $98,500 for the year 2019. BOYCE claimed that the purpose of the loan was payroll costs. He listed the industry code for the business as 485310, which refers to taxi and ridesharing services. He listed

the address for his business as 3129 Spring Grove Ave., Cincinnati, OH 45225. This is the address for the Talbert halfway house. In support of the loan application, BOYCE submitted a forged bank statement. As a result of this loan application, the loan proceeds of $20,520 were deposited into BOYCE's personal bank account on or about May 5, 2021.

11. It was part of the scheme that BOYCE withdrew or spent all of the PPP loan money by the end of May 2021. Some of his expenditures included purchases at Gucci, Louis Vuitton, Expedia, Hampton Inn, and Delta Airlines.

12. It was part of the scheme that BOYCE has not made any payments on these loans.

## Execution of the Scheme

13. On or about the dates listed below, in the Southern District of Ohio and elsewhere, the defendant, WILLIE BOYCE, for the purpose of executing the scheme described above, did transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain signs, signals, pictures and sound described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| 1 | April 4, 2021 | Loan application |
| 2 | April 9, 2021 | Loan application |
| 3 | April 20, 2021 | Direct deposit of loan proceeds |
| 4 | May 5, 2021 | Direct deposit of loan proceeds |

**In violation of 18 U.S.C. § 1343.**

A TRUE BILL.

/S/

FOREPERSON

KENNETH L. PARKER
UNITED STATES ATTORNEY

TIMOTHY LANDRY, MA 669554
SPECIAL ASSISTANT UNITED STATES ATTORNEY

5